IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. RIDGE, | No. C 09-2931 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| JAMES WALKER, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Thereafter, the petition was stayed while petitioner returned to state court and exhausted his state court remedies for a newly-discovered claim of ineffective assistance of trial counsel. Petitioner was granted leave to file an amended petition including the newly exhausted claim. The case was then reassigned to the undersigned district judge. For the reasons discussed below, respondent is ordered to show cause why the amended petition should not be granted based on petitioner's cognizable claims.

## STATEMENT

Petitioner was convicted by a jury in Alameda County superior court of two counts of second-degree murder and three counts of attempted murder. On April 26, 2005, he was sentenced to two consecutive terms of twenty-years-to-life, with a one-year firearm enhancement for the murders, plus an aggregate determinate term of eleven years, eight months for the attempted murders.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on April 25, 2007 denied review. In 2009 and 2012, the Supreme Court of California also denied habeas petitions filed by petitioner.

## ANALYSIS

### A. STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

### B. LEGAL CLAIMS

Petitioner seeks federal habeas corpus relief by raising claims of ineffective assistance of both trial and appellate counsel in several instances, his incompetency to stand trial, speedy trial violations, instructional error, sentencing error, prosecutorial misconduct in various instances, and judicial misconduct. The claims, when liberally construed, are cognizable, and an order to show cause will issue.

## CONCLUSION

In light of the foregoing,

1. The clerk shall mail a copy of this order and the amended petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2

2. Respondent shall file with the court and serve on petitioner, within eighty-four days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of any portions of the state trial record that he has not already filed and that are relevant to a determination of the issues presented by the amended petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight days of the date the answer is filed.

3. Respondent may file, within eighty-four days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fourteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: October ___1___, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\RIDGE2931.OSC.wpd

3